11 F.3d 1074
 31 U.S.P.Q.2d 1218
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Meril RIVARD, Appellant,
v.
Mark LINVILLE, Appellee.
 No. 93-1345.
 United States Court of Appeals, Federal Circuit.
 Nov. 18, 1993.
 
 Before PLAGER and SCHALL, Circuit Judges, and PRATT, Senior Circuit Judge.*
 DECISION
 SCHALL, Circuit Judge.
 
 
 1
 Meril Rivard appeals from the decision of the United States Patent and Trademark Office Trademark Trial and Appeal Board (Board), in Cancellation No. 19,874, granting the petition of Mark Linville for cancellation of Rivard's Registration No. 1,407,173. The Board granted Linville's motion for summary judgment and cancelled Rivard's registration based upon a determination that, as a matter of law, Rivard had abandoned his mark within the meaning of 15 U.S.C. Sec. 1127 (1988). Although we agree with the Board's conclusion that a prima facie case of abandonment of Rivard's mark was established, we disagree with the Board's conclusion that no genuine issue of material fact exists regarding Rivard's intent to commence use of his registered mark. Consequently, we vacate and remand.
 
 DISCUSSION
 
 2
 * Rivard owns Registration No. 1,407,173, issued August 26, 1986, for the mark "ULTRACUTS" for hair dressing and beauty salon services. Rivard's registration was obtained in accordance with 15 U.S.C. Sec. 1126(e) (1988) on the basis of a counterpart Canadian registration. Rivard concedes that he did not use the mark for hair dressing and beauty salon services in the United States during the relevant period of 1986-1991.
 
 
 3
 On June 10, 1991, Linville petitioned to cancel Rivard's registration on the grounds that Rivard had abandoned the registered mark within the meaning of 15 U.S.C. Sec. 1127 (1988). In his motion for summary judgment, Linville asserted that since Rivard had not used his mark for more than two consecutive years prior to the filing of the petition to cancel, a prima facie case of abandonment was established. Linville further asserted that Rivard did not present sufficient evidence "to raise a viable defense of excusable nonuse." Board Opinion at 3-4.
 
 
 4
 In opposition to the summary judgment motion, Rivard submitted a declaration and supporting documents, which he claimed raised a material factual dispute regarding his intent to use the mark "ULTRACUTS" in the United States. Among other activities, Rivard's declaration outlined various trips made to the United States to meet with real estate and franchise agents for the alleged purpose of opening a hair salon using the mark "ULTRACUTS."
 
 
 5
 In granting summary judgment in favor of Linville, the Board concluded that, as a matter of law, Rivard's submitted evidence was "not sufficient to raise a genuine issue as to whether [Rivard] had a viable defense of excusable nonuse[, because a] decision not to pursue franchising arrangements cannot be considered a reasonable excuse for nonuse of the mark...." Board Opinion at 12.
 
 II
 
 6
 In deciding whether to grant a motion for summary judgment, the Board must first determine whether a genuine issue exists as to any material fact. Fed.R.Civ.P. 56(c). A genuine dispute is shown to exist if sufficient evidence is presented such that a reasonable fact finder could decide the issue in favor of the non-movant. Opryland USA, Inc. v. Great American Music Show, Inc., 970 F.2d 847, 850 (Fed.Cir.1992). The evidence must be viewed in a light favorable to the non-movant, and all justifiable inferences are to be drawn in the non-movant's favor. Id. Whether the above-noted standards for summary judgment have been met and whether the procedural and substantive law were correctly applied by the Board are reviewed de novo by this court. Id.
 
 
 7
 Under 15 U.S.C. Sec. 1127, a mark shall be deemed to be abandoned inter alia
 
 
 8
 (1) When its use has been discontinued with intent not to resume such use. Intent not to resume may be inferred from circumstances. Nonuse for two consecutive years shall be prima facie abandonment. "Use" of a mark means the bona fide use of that mark made in the ordinary course of trade, and not made merely to reserve a right in the mark.
 
 
 9
 Under the above provision, "prima facie abandonment of a mark is established by proof of its nonuse for two consecutive years." Imperial Tobacco Ltd. v. Philip Morris, Inc., 899 F.2d 1575, 1579 (Fed.Cir.1990). "The terms 'use' and 'nonuse' mean use and nonuse in the United States." Id. The effect of a prima facie case is to "eliminate[ ] the challenger's burden to establish the intent element of abandonment as an initial part of [his] case." Id. Because Rivard did not make use of his mark within the meaning of 15 U.S.C. Sec. 1127 during the relevant time period, we agree with the Board's conclusion that a prima facie case of abandonment of Rivard's mark was established.
 
 
 10
 Once a prima facie case of abandonment is established, the burden of producing evidence to rebut the presumption shifts to the registrant. Cerveceria Centroamericana S.A. v. Cerveceria India Inc., 892 F.2d 1021, 1026 (Fed.Cir.1989). In order to rebut the presumption, "the registrant must come forth with evidence that it 'discontinued' use of a mark without an 'intent not to resume' use." Imperial Tobacco, 899 F.2d at 1579. Where, as here, a mark has never been used in the United States because it was obtained on the basis of a foreign counterpart registration, the inquiry becomes whether the registrant possessed an "intent to begin use" of the mark. See Imperial Tobacco, 899 F.2d at 1582. Accordingly, to overcome Linville's prima facie case, Rivard must come forward with evidence that his failure to use the mark was not accompanied by an intent not to begin use of the mark. Rivard may satisfy his burden of production by "[putting] forth evidence with respect to what activities [Rivard] engaged in during the nonuse period or what outside events occurred from which an intent to resume use during the nonuse period may reasonably be inferred." Id. at 1581. An intent to resume use may be inferred either from Rivard's activities during the nonuse period, or from "special circumstances which excuse [Rivard's] nonuse." Id.
 
 
 11
 We conclude that Rivard presented sufficient evidence to raise a genuine issue of material fact regarding his intent to begin use of the mark during the period of nonuse. Rivard's declaration sets forth a series of specific activities in which he allegedly engaged during the relevant years of 1986-1991 in an attempt to open an "ULTRACUTS" salon in the United States. Viewing that evidence in a light favorable to Rivard, and drawing all justifiable inferences in his favor, we cannot say that a reasonable fact finder, upon accepting the truth of Rivard's statements, could not find that Rivard had an intent to begin using his mark "ULTRACUTS" in the United States for hair salon services during the period of 1986-1991. Therefore, summary judgment was improperly granted. Rivard should be accorded an opportunity to prove at trial before the Board that he had the requisite intent to begin use of his mark "ULTRACUTS" for hair dressing and beauty salon services in the United States during the relevant period of nonuse. The decision of the Board granting summary judgment for Linville is vacated, and the case is remanded for further proceedings consistent with this opinion.
 
 
 
 *
 The Honorable George C. Pratt, Senior Circuit Judge, United States Court of Appeals for the Second Circuit, sitting by designation