57 F.3d 1085
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Douglas A. WILLINGER, Appellant,
v.
INDUSTRIA COLOMBIANA de CAFE, S.A., Appellee.
 No. 95-1031.
 United States Court of Appeals, Federal Circuit.
 June 14, 1995.
 
 Before NEWMAN, LOURIE, and SCHALL, Circuit Judges.
 DECISION
 SCHALL, Circuit Judge.
 
 
 1
 Douglas A. Willinger appeals the July 8, 1994 decision of the United States Patent and Trademark Office Trademark Trial and Appeal Board ("Board"). Industria Colombiana de Cafe, S.A. v. Willinger, Opposition No. 85,439. In that decision, the Board sustained Industria Colombiana de Cafe, S.A.'s ("Industria Colombiana") opposition to Willinger's application for the registration of the trademark COCA-FE' for a coffee substitute.[1] The Board found that Willinger's use of the COCA-FE' mark would create a likelihood of confusion with Industria Colombiana's COLCAFE[2] mark for instant coffee. We affirm.
 
 DISCUSSION
 
 2
 The Board's ultimate determination of likelihood of confusion is a question of law which this court reviews de novo. Opryland U.S.A., Inc. v. The Great American Music Show, Inc., 970 F.2d 847, 850, 23 USPQ2d 1471, 1473 (Fed.Cir.1992). The ultimate question of likelihood of confusion is based on underlying factual findings which we review for clear error. Id. Relevant factual considerations include the similarities and differences between the marks at issue; the appearance, sound and connotation of the marks; the similarity between and the nature of the goods with which the marks are associated; the channels of trade in which the marks are used; and the level of care exercised by consumers in purchasing the relevant goods. Id.; In re E.I. duPont de Nemours & Co., 476 F.2d 1357, 1361, 177 USPQ 563, 567 (C.C.P.A.1973).
 
 
 3
 The Board based its determination of likelihood of confusion on a series of underlying factual findings. In particular, the Board found that the coffee substitute and instant coffee goods at issue were related to one another because they are both coffee-related products, are typically used by the same consumers, and are sold in the same channels of trade. The Board also found the marks at issue to be "almost indistinguishable" in pronunciation, and similar in appearance and connotation. In addition, the Board found that consumers were likely to purchase the goods at issue without much care, perhaps even on impulse.
 
 
 4
 On appeal, Willinger challenges the Board's underlying factual findings supporting the ultimate determination of likelihood of confusion. In particular, Willinger challenges the Board's findings regarding the similarity between the marks, the relationship between the goods in question, and the level of care exercised by consumers in purchasing those goods.
 
 
 5
 In view of the evidence of record, Willinger has failed to show that any of the Board's underlying factual findings are clearly erroneous. Willinger's coffee substitute and Industria Colombiana's instant coffee are both coffee-related consumer products, which are likely to be sold in the same locations and purchased without great scrutiny by the same consumers. Additionally, Willinger's COCA-FE' mark and Industria Colombiana COLCAFE mark are similar in sound, appearance, and meaning. We therefore conclude that the Board did not clearly err in finding the goods at issue to be related and likely to be purchased without much care, and in finding the marks at issue to be similar in sound, appearance, and connotation. Accordingly, we hold that the Board did not err as a matter of law in finding likelihood of confusion.
 
 
 
 [1]
 Application Serial No. 74/084,586, filed August 3, 1990, asserting a bona fide intention to use the mark in commerce
 
 
 [2]
 Registration No. 1,509,456, issued October 18, 1988