THIS DISPOSITION IS
CITABLE
AS PRECEDENT OF THE
TTAB
SEPT 29, 98

**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
**Trademark Trial and Appeal Board**
2900 Crystal Drive
Arlington, Virginia 22202-3513

HRW

Opposition No. 102,651

Corporate Document
Services, Inc.

v.

I.C.E.D. Management, Inc.

Before Seeherman, Quinn and Wendel, Administrative Trademark Judges.

Opinion by Wendel, Administrative Trademark Judge:

Corporate Document Services, Inc. filed an opposition to the registration sought by I.C.E.D. Management, Inc. for the mark COPY CLUB for various document processing and handling-related services in Classes 35, 38, 40, 41, and 42.[1] The application was filed as an intent-to-use application under Section 1(b) of the Trademark Act. Opposer alleges use as of April 1993 of the mark THE COPY CLUB in connection with various document processing, document copying and related services and claims that

---

[1] Serial No. 74/550,346, filed July 18, 1994.

contemporaneous use of applicant's mark and opposer's previously used mark would be likely to cause confusion.

Applicant has filed a motion for summary judgment. Applicant maintains that there is no genuine issue of fact that applicant's first use of its mark COPY CLUB was prior to opposer's first use of its mark THE COPY CLUB. Applicant supports its motion with the testimony of Joel McGinnis, appearing as a Rule 30(b)(6) witness for opposer, which confirms that opposer's first use was in April 1993. Applicant, on the other hand, states that its first use was in 1992. Applicant has submitted the declaration of S. Marc Lindsey, Executive Vice-President of Copy Club, Inc., the company which began use of the mark in 1992, through an affiliate, and later assigned the mark to I.C.E.D., with a license back to use the mark. Lindsey states that Kwik Kopy Corporation, an affiliate of Copy Club, Inc., opened its first store in Texas in January 1992 and he refers to attached exhibits showing use of the mark in promotional literature in 1992 and 1993. Lindsey further states that the mark has been used continuously since January 1992, and has included use in interstate commerce, with a store having since been opened in California.

Applicant contends that even if its first use was intrastate use, applicant is the senior user and argues

2

that, in view of applicant's priority, opposer has no standing to pursue this opposition.

Opposer, in response to the motion for summary judgment, argues that it has standing to bring the opposition, and that opposer need only prove that it had a proprietary interest in its mark prior to the filing date of applicant's intent-to-use application in order to prevail in this opposition. Furthermore, opposer asserts that an exception is made to the general rule (i.e., that a prior user is entitled to an unrestricted registration) for a party that, without knowledge of the prior user, adopts and uses the same or a similar mark in another area of the country, without any confusion as to source, citing Tie Rack Enterprises, Inc. v. Tie Rack Stores, 168 USPQ 441 (TTAB 1970). Opposer also challenges the Lindsey declaration on the grounds that Lindsey's statements are either hearsay or not made on personal knowledge and that the statements are not unequivocally supported by the exhibits attached to the declaration.

Opposer has concurrently filed an alternative motion, requesting that, if the Board finds in applicant's favor on the issue of priority, the Board suspend action on the opposition until opposer's pending concurrent use

application[2] reaches the stage that this proceeding can be converted into a concurrent use proceeding.[3] Opposer states that it amended its original application to one seeking concurrent use registration, naming applicant as an exception to opposer's right to exclusive use of the mark THE COPY CLUB, after learning that applicant "may have grounds to reach behind the constructive use date of its intent-to-use application by tacking on prior intrastate use by a third party and relying on an assignment agreement entered into by Applicant and that third party." [Opposer's brief in support of motion to suspend, filed January 12, 1998, pages 1 and 2].

Applicant has filed no response to this motion.

In a motion for summary judgment, the moving party has the burden of establishing the absence of any genuine issue of material fact and that it is entitled to judgment as a matter of law.  FRCP 56(c).  A genuine dispute with respect to a material fact exists if sufficient evidence is presented that a reasonable fact finder could decide the question in favor of the nonmoving party.  See Opryland USA

---

[2] Serial No. 75/255,563, filed March 11, 1997, and amended to a concurrent use application on September 30, 1997.

[3] Opposer's additional motion for sanctions on the basis of applicant's failure to supply adequate discovery information is not germane to the motion for summary judgment and thus has been given no consideration.

Inc. v. Great American Music Show Inc., 970 F.2d 847, 23 USPQ2d 1471 (Fed. Cir. 1992).

In the present case, we find that applicant has carried its burden of establishing that no genuine issues of material fact remain and that it is entitled to the entry of judgment in its favor on the basis of its priority of use.[4]

Applicant has submitted, as evidence of use of its mark by a predecessor-in-interest as early as 1992, the declaration of Marc Lindsey. Opposer challenges the Lindsey declaration on the grounds that his statements were made on other than personal knowledge, as required by Rule 56(e), and therefore are hearsay. The basis for opposer's challenge was the statement by Lindsey at the beginning of the declaration that "the statements below are true or believed by me to be true". Nothing in these words, which appear to be standard language for a declaration, raises a genuine issue as to Lindsey's personal knowledge of the facts stated in his declaration with respect to use by applicant of its mark. Moreover, we consider the exhibits introduced by the Lindsey declaration adequate to establish use of applicant's mark, by a predecessor-in-interest, at

---

[4] Opposer's argument that this opposition cannot be resolved on the issue of priority alone is incorrect. Although an opposition cannot be sustained under Section 2(d) on the basis of opposer's prior use without proof of likelihood of confusion, the opposition can be defeated by applicant's proof of prior use alone.

least as early as June 1992, in the state of Texas (see Exhibit 3).

Furthermore, opposer itself has acknowledged this prior intrastate use by applicant, by its amendment of its pending application to one seeking concurrent use, naming applicant as a prior user in Texas. It is opposer's position, however, that applicant may not rely upon this intrastate use for purposes of an unrestricted registration, and that opposer must prevail if it can establish use of its mark prior to the constructive use date of applicant's intent-to-use application.

Opposer is wrong. Just as an applicant in a use-based application can rely, for purposes of priority in a proceeding such as this, upon use (including use analogous to trademark use) prior to the filing date of its application,[5] or even prior to its claimed use dates, an intent-to-use applicant is entitled to rely upon actual use, or use analogous to trademark use, prior to the constructive use date of the intent-to-use application. See Dyneer Corp. v. Automotive Products plc, 37 USPQ2d 1251 (TTAB 1995). (Intent-to-use applicant permitted to tack use analogous to trademark use to its constructive use date so long as applicant had continuing intent to cultivate association of mark with itself and its goods or services up until the

filing date). Moreover, whether or not this prior use is strictly intrastate in nature is inconsequential. While interstate use is a prerequisite to federal registration, and applicant must file evidence of the same before any registration will issue, rights in the mark itself are not dependent upon interstate use. It is well established that rights in and to a trademark are created by use of the mark in either intrastate or interstate commerce. See Oland's Breweries Limited v. Miller Brewing Company, 189 USPQ 481 (TTAB 1975), aff'd, 548 F.2d 349, 192 USPQ 266 (CCPA 1976); Textron Inc. v. Arctic Enterprises, Inc., 178 USPQ 315 (TTAB 1973); R. J. Moran Co. v. Gordon, 101 USPQ 206 (Comr. 1954). Thus, for purposes of this opposition, applicant has established priority and is entitled to summary judgment in its favor.

As for opposer's pending concurrent use application, we note that once opposer's application has successfully passed the opposition stage, a concurrent use proceeding will be set up, and applicant's application (or registration, if it has already issued) will become a part of that proceeding. Opposer's burden of proof will be to prove its rights as a lawful concurrent user and that concurrent use of the parties' marks is not likely to cause confusion.

---

[5] See Intersat Corp. v. International Telecommunications Satellite Organization, 226 USPQ 154, 156 (TTAB 1985).

7

Finally, despite applicant's failure to respond to opposer's request to suspend the present opposition until the concurrent use proceeding can be instituted, we find no need to do so. Applicant is entitled to an unrestricted registration, upon submission of a proper statement of use in commerce, Section 1(d) of the Trademark Act, even though the registration may later be restricted as a result of the concurrent use proceeding. Opposer's alternative motion to suspend is denied.

Accordingly, applicant's motion for summary judgment is granted. The opposition is dismissed with prejudice.

E. J. Seeherman

T. J. Quinn

H. R. Wendel
Trademark Administrative Judges,
Trademark Trial and Appeal Board