THIS ORDER IS A PRECEDENT OF THE TTAB

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA 22313-1451**
General Contact Number: 571-272-8500
General Email: TTABInfo@uspto.gov

JK

March 29, 2019

Opposition No. 91235843

*A&H Sportswear Co., Inc.*

*v.*

*William W. Yedor*

**Before Wolfson, Adlin and Larkin,**
**Administrative Trademark Judges.**

**By the Board:**

This proceeding involves application Serial No. 86921486, which William W. Yedor ("Applicant") filed on February 26, 2016, based on Trademark Act Section 1(b), 15 U.S.C. § 1051(b), to register the standard character mark MIRACLE ON 35th STREET for "paper goods and printed matter, namely, posters, photographs, lithographs, post cards" in International Class 16, and "clothing, namely, T-shirts, sweatshirts, caps, jackets" in International Class 25.

A&H Sportswear Co., Inc. ("Opposer") filed a notice of opposition on the grounds of: (1) likelihood of confusion; and (2) dilution by blurring. Opposer pleads ownership

of 15 registrations for marks that include the word MIRACLE, each for apparel goods in International Class 25.[1] 1 TTABVUE 9-11, 16-166.

Applicant denied the salient allegations in the notice of opposition. 4 TTABVUE; 9 TTABVUE.

Opposer now moves for leave to amend its notice of opposition to add a claim that Applicant had no bona fide intent to use the involved mark in commerce on or in connection with the identified goods when he filed the involved application, 16 TTABVUE, and for summary judgment on the proposed claim, 14 TTABVUE. The motions are fully briefed.

**Motion to Amend Notice of Opposition**

A party that seeks summary judgment on an unpleaded claim may simultaneously move to amend its pleading to assert the claim. TRADEMARK TRIAL AND APPEAL BOARD MANUAL OF PROCEDURE (TBMP) § 528.07(a) (June 2018), and cases cited therein. The Board liberally grants leave to amend pleadings at any stage of a proceeding when justice so requires, unless entry of the proposed amendment would violate settled law or be prejudicial to the rights of the adverse party or parties. Trademark Rule 2.107(a), 37 C.F.R. § 2.107(a); Fed. R. Civ. P. 15; TBMP § 507.02. The timing of a motion to amend is an important factor in determining whether the non-movant would be prejudiced by allowing the proposed amendment. TBMP § 507.02(a), and cases cited therein. The motion should be filed as soon as the ground

---

[1] Opposer pleaded Registration Nos. 1728652, 2011542, 2631990, 2787470, 3002228, 3292018, 4115402, 4135953, 4495016, 4459354, 4786337, 5037704, 5082487, 5082574 and 5205751.

for the amendment becomes apparent. A long or unexplained delay in filing a motion for leave to amend may render the amendment untimely. *See Int'l Fin. Corp. v. Bravo Co.*, 64 USPQ2d 1597, 1604 (TTAB 2002).

Applicant argues that Opposer failed to timely add the claim. 18 TTABVUE 2. Opposer claims it learned of the factual basis for the proposed claim from Applicant's responses to Opposer's first set of interrogatories, document requests and requests for admissions, copies of which it submitted. 15 TTABVUE 6-25. Opposer explains that, from Applicant's responses, it learned, inter alia, that Applicant has no history of manufacturing, selling or marketing the identified goods, has taken no steps to manufacture or market the goods, has not identified any potential customers, and has no documentation of advertising, promotional, business or marketing plans.

It does not appear from this record that Opposer had or should have had prior knowledge of this information. There is nothing in the record suggesting that Opposer unreasonably delayed in moving to amend only six weeks after receiving the last of Applicant's written discovery responses, and the pleading sufficiently alleges the proposed claim. Applicant has not introduced any evidence demonstrating that it would be prejudiced by the delay, and no prejudice would seem likely given that the information and documents through which Applicant may defend the claim are likely to be in his own possession and control.

In view of these findings, Opposer's motion for leave to amend is **granted**. The first amended notice of opposition is now Opposer's operative pleading.

**Motion for Summary Judgment**

Summary judgment is appropriate where the movant demonstrates that there is no genuine dispute as to any material fact, and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be true or is genuinely disputed must support its assertion by either: (1) citing to materials in the record; or (2) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c). A factual dispute is genuine if, on the evidence of record, a reasonable fact finder could resolve the matter in favor of the non-moving party. *See Opryland USA Inc. v. Great Am. Music Show Inc.*, 970 F.2d 847, 23 USPQ2d 1471, 1472 (Fed. Cir. 1992); *Olde Tyme Foods, Inc. v. Roundy's, Inc.*, 961 F.2d 200, 22 USPQ2d 1542, 1544 (Fed. Cir. 1992).

On a motion for summary judgment, the Board may not resolve any factual dispute; it may only determine whether a genuine dispute of material fact exists. *See, e.g.*, *Meyers v. Brooks Shoe Inc.*, 912 F.2d 1459, 16 USPQ2d 1055, 1056 (Fed. Cir. 1990). The non-movant must be given the benefit of all reasonable doubt as to whether a genuine dispute as to any material fact exists, and the evidentiary record on summary judgment and all justifiable inferences to be drawn from the undisputed facts must be viewed in the light most favorable to the non-movant. *Opryland*, 23 USPQ2d at 1472. However, when the movant has supported its motion with sufficient evidence that, if unopposed, indicates there is no genuine dispute of material fact and that the movant is entitled to judgment as a matter of law, the burden then shifts to the non-movant to demonstrate the existence of a genuine dispute of material fact to

be resolved at trial. *See Enbridge, Inc. v. Excelerate Energy LP*, 92 USPQ2d 1537, 1540 (TTAB 2009); *see also Barmag Barmer Maschinenfabrik AG v. Murata Mach., Ltd.*, 731 F.3d 831, 221 USPQ 561, 564 (Fed. Cir. 1984). "The nonmoving party may not rest on the mere allegations of its pleadings and assertions of counsel, but must designate specific portions of the record or produce additional evidence showing the existence of a genuine issue of material fact for trial." *See Venture Out Props. LLC v. Wynn Resort Holdings LLC*, 81 USPQ2d 1887, 1890 (TTAB 2007); *see also* Fed. R. Civ. P. 56(c)(1); *Enzo Biochem v. Gen-Probe*, 424 F.3d 1276, 76 USPQ2d 1616, 1622 (Fed. Cir. 2005); *Barmag Barmer Maschinenfabrik*, 221 USPQ at 564; *Enbridge,* 92 USPQ2d at 1540.

To prevail on summary judgment, Opposer must demonstrate that the record shows no genuine dispute as to any material fact and that, as a matter of law, Applicant had no bona fide intent to use the mark MIRACLE ON 35th STREET in commerce on or in connection with the goods identified in the involved application, as of the application's February 26, 2016 filing date.

**Opposer's Standing**

Standing is a threshold issue that must be proven by a plaintiff in every inter partes case. *See Empresa Cubana Del Tabaco v. Gen. Cigar Co.*, 753 F.3d 1270, 111 USPQ2d 1058, 1062 (Fed. Cir. 2014); *Ritchie v. Simpson*, 170 F.3d 1092, 50 USPQ2d 1023, 1025 (Fed. Cir. 1999); *Lipton Indus., Inc. v. Ralston Purina Co.*, 670 F.2d 1024, 213 USPQ 185, 187 (CCPA 1982). To establish standing, a plaintiff must show that it has a "real interest" in the outcome of the proceeding and a "reasonable basis" for

believing that it would suffer damage if the mark is registered. *See Coach Servs. Inc. v. Triumph Learning LLC*, 668 F.3d 1356, 101 USPQ2d 1713, 1727 (Fed. Cir. 2012); *Ritchie*, 50 USPQ2d at 1025; *Jewelers Vigilance Comm., Inc. v. Ullenberg Corp.*, 823 F.2d 490, 2 USPQ2d 2021, 2023-24 (Fed. Cir. 1987).

In its amended notice of opposition, Opposer sufficiently alleges a claim of likelihood of confusion that is not wholly without merit, based upon its ownership of fifteen pleaded registrations, which are valid and subsisting and are of record pursuant to Trademark Rule 2.122(d)(1).[2] 1 TTABVUE 16-166. This establishes Opposer's real interest in this proceeding and a reasonable basis for its belief that it would be damaged by issuance of a registration to Applicant, and is sufficient to establish its standing. *See Cunningham v. Laser Golf Corp.*, 222 F.3d 943, 55 USPQ2d 1842, 1844 (Fed. Cir. 2000); *Lipton Indus.*, 213 USPQ at 189; *King Candy Co. v. Eunice King's Kitchen, Inc.*, 496 F.2d 1400, 182 USPQ 108, 110 (CCPA 1974).[3] Having demonstrated standing on this ground, Opposer may assert any other valid basis for refusal. *Lipton Indus.,* 213 USPQ at 190 ("Standing having been established, petitioner is entitled to rely on any statutory ground which negates appellant's right to the subject registration and may invoke the general public interest in support of its claim.") (citation omitted); *see also Coach Servs.*, 101 USPQ2d at 1727-28.

---

[2] In its original notice of opposition, Opposer submitted Exhibit A, TESS and TSDR printouts of its 15 pleaded registrations. 1 TTABVUE 16-166. Exhibit A was incorporated by reference in the amended notice of opposition. 16 TTABVUE 11.

[3] Applicant does not contest Opposer's standing.

**Bona Fide Intent to Use**

Trademark Act Section 1(b)(1) states that "[A] person who has a bona fide intention, under circumstances showing the good faith of such person, to use a trademark in commerce may request registration of its trademark…." Trademark Act Section 1(b)(1), 15 U.S.C. § 1051(b)(1). Whether an applicant has a bona fide intention to use the mark in commerce is an objective determination based on the totality of the circumstances. *See M.Z. Berger & Co. v. Swatch AG*, 787 F.3d 1368, 114 USPQ2d 1892, 1898 (Fed. Cir. 2015); *Swiss Grill Ltd. v. Wolf Steel Ltd.*, 115 USPQ2d 2001, 2008 (TTAB 2015). The evidentiary bar for showing bona fide intent to use is not high, but more is required than "a mere subjective belief." The objective evidence must indicate an intention to use the mark that is "firm" and "demonstrable." *M.Z. Berger*, 114 USPQ2d at 1897–98, *Swiss Grill*, 115 USPQ2d at 2008; *see also Bos. Red Sox Baseball Club LP v. Sherman*, 88 USPQ2d 1581, 1587 (TTAB 2008); *Lane Ltd. v. Jackson Int'l Trading Co.*, 33 USPQ2d 1351, 1355 (TTAB 1994). The absence of any documentary evidence regarding an applicant's bona fide intention to use a mark in commerce establishes a prima facie case that an applicant lacks such intention as required by Section 1(b), a case which an applicant may counter with facts that adequately explain or outweigh its failure to provide documentary evidence. *See Spirits Int'l., B.V. v. S.S. Taris Zeytin Ve Zeytinyagi Tarim Satis Kooperatifleri Birligi*, 99 USPQ2d 1545, 1549 (TTAB 2011); *Honda Motor Co. v. Winkelmann*, 90 USPQ2d 1660, 1662-64 (TTAB 2009); *L.C. Licensing Inc. v. Berman*, 86 USPQ2d

1883, 1891 (TTAB 2008); *Commodore Elecs. Ltd. v. CBM Kabushiki Kaisha*, 26 USPQ2d 1503, 1507 (TTAB 1993).

**The Record and Arguments**

Opposer points to Applicant's responses to Interrogatory Nos. 4, 6, 7, 10, 12, 17, 18 and 20, wherein Applicant stated that he intends to sell T-shirts, owns the domain name whitesoxshirts.com, has one shirt design, gave friends and family a "prototype T-shirt" in 2005, and plans to build a website in the event the Chicago White Sox win the World Series. 14 TTABVUE 3-4; 15 TTABVUE 6-9, 13. In response to the remainder of the interrogatories, Applicant identified no other product he has ever planned to offer under his mark, and no class of purchasers to whom he has marketed or sold, or intends to market or sell his products. 15 TTABVUE 7-8.

In response to Opposer's requests for production of documents, Applicant served only one document, with only an image of a prototype T-shirt he designed and gave out as gifts in 2005. Applicant stated that no other documents exist that refer to this image. 15 TTABVUE 12-13, 21. In the remainder of Applicant's document request responses, he identified no documents that show use of, or steps toward using, his mark on any products, or that show advertising, promotions, media, marketing plans, business plans or packaging materials or expenditures. He did not produce documents identifying any outlets, distributors or resellers through which he intended to offer or offers his goods. Furthermore, Applicant responded that he has no documentation of, inter alia, any business or marketing plan to offer or sell his

products in connection with his mark, any prospective purchasers, or any websites to display his products. 15 TTABVUE 13-15.

Applicant has had opportunities – both in responding to discovery, and in responding to Opposer's motion – to come forward with documentary or other evidence to show any concrete steps taken or plans made to actually use his mark contemporaneous with filing his involved application, such as manufacturing, licensing or marketing efforts, a functioning website, correspondence with potential licensees, marketing plans, business plans, or the creation of labels or promotional materials. *See SmithKline Beecham Corp. v. Omnisource DDS LLS*, 97 USPQ2d 1300, 1304 (TTAB 2010). In sum, the lack of documentation from the time of filing is highly probative of Applicant's lack of a bona fide intent to use the applied-for mark at that time. *Honda Motor Co.*, 90 USPQ2d at 1664 (Board granted summary judgment sustaining the opposition where applicant had no documentary evidence to support its intent to use).

In determining the sufficiency of evidence of bona fide intent, the Trademark Act does not expressly impose "any specific requirement as to the contemporaneousness of an applicant's documentary evidence corroborating its claim of bona fide intention. Rather, the focus is on the entirety of the circumstances, as revealed by the evidence of record." *Lane*, 33 USPQ2d at 1356. *See also Honda Motor Co.*, 90 USPQ2d at 1662. We have previously addressed the contemporaneousness of evidence (and corroboration thereof) in considering evidence which postdates the filing of an application. *Compare Swatch AG v. M.Z. Berger & Co.*, 108 USPQ2d 1463, 1474

(TTAB 2013), *aff'd*, 114 USPQ2d 1892 (Fed. Cir. 2015) (documents created seven months after application date were relevant to intent at time of filing), and *Lane*, 33 USPQ2d at 1355 (correspondence that occurred nine to eleven months after filing date was sufficiently contemporaneous), *with Swiss Grill Ltd.*, 115 USPQ2d at 2009 (vague claims about communications, meetings or events which took place one or two years after filing date, and which were uncorroborated by any other evidence of intent, insufficient to show bona fide intent at time of filing), and *Bos. Red Sox Baseball Club LP*, 88 USPQ2d at 1587 (Internet searches and investigations conducted more than two years after application filing date "not even remotely contemporaneous with" filing date).

Here, the only document that Applicant produced in discovery is an image from eleven years **before** the filing date of his application, an image which he identified as a "prototype T-shirt." 15 TTABVUE 21. It displays the wording "Miracle on 35th Street" as part of an ornamental design on the front. Applicant stated in response to Interrogatory No. 7 that in 2005 he gave friends and family this prototype T-shirt. 15 TTABVUE 7, 12-13. He stated in response to Request for Admission No. 8 that "some friends and family paid for the shirts, but sales were extremely limited." 15 TTABVUE 23.

Given the eleven-year time span and the absence of record evidence of any later activities evidencing Applicant's use or preparation to use its mark, we conclude that the use of Applicant's mark on his T-shirt in 2005 was not sufficiently contemporaneous with the February 26, 2016 filing date to be probative of Applicant's

bona fide intent to use the mark when the involved application was filed. Applicant's other described plans similarly lack probative value because they also predate the filing date by more than a decade; specifically, Applicant states that when the Chicago White Sox won the World Series in 2005, he planned to sell or license a "Miracle" clothing line, created a design incorporating the mark, developed a website, and filed but later abandoned an application to register the mark.[4] 18 TTABVUE 2-3. Moreover, Applicant did not set forth any activities he undertook since 2005, much less on or around the February 26, 2016 filing date of the involved application. Neither the filing of the involved application itself, nor Applicant's ownership of the domain name whitesoxshirts.com constitute evidence that Applicant had a bona fide intent to use the mark when he filed the involved application. *M.Z. Berger*, 114 USPQ2d at 1898; *Saul Zaentz Co. v. Bumb*, 95 USPQ2d 1723 (TTAB 2010); *Research in Motion Ltd. v. NBOR Corp.*, 92 USPQ2d 1926, 1931 (TTAB 2009) ("If the filing and prosecution of a trademark application constituted a bona fide intent to use a mark, then in effect, lack of a bona fide intent to use would never be a ground for opposition or cancellation….").

---

[4] In response to Requests for Admission Nos. 18-22, Applicant admitted that he was the owner of Registration No. 3184981, which issued on December 12, 2006, for the mark MIRACLE ON 35th STREET for clothing, and that the registration was cancelled on December 3, 2013, for failure to respond to the USPTO's rejection of Applicant's specimen of use submitted with his Section 8 Declaration of Use and/or Excusable Nonuse. 15 TTABVUE 24-25. A cancelled registration is not entitled to any of the statutory presumptions of Section 7(b) of the Trademark Act. Trademark Act § 7(b), 15 U.S.C. § 1057(b). *See also In re Ginc UK Ltd.*, 90 USPQ2d 1472, 1480 (TTAB 2007) ("Nor does applicant's cancelled registration justify registration of its current application."); *In re Hunter Publ'g Co.*, 204 USPQ 957, 963 (TTAB 1979) (cancellation "destroys the Section [7(b)] presumptions and makes the question of registrability 'a new ball game' which must be predicated on current thought.").

On this record, Applicant did not submit anything to show that he engaged in any activities even somewhat contemporaneous with the February 26, 2016 filing date. Applicant has therefore failed to establish that a genuine dispute of material fact exists as to whether Applicant had the requisite bona fide intent to use his mark on the identified goods as of that filing date.

Applicant alleges that he "plans to launch this business in earnest using the existing design (among others) and existing website platform once this pending legal challenge is resolved and once the White Sox fan base has something to cheer about – making marketing efforts worthwhile and successful." 18 TTABVUE 3. This is a mere hope that an alleged condition precedent to using his mark – the Chicago White Sox winning the World Series – would occur someday. However, Applicant's hopes are insufficient to show bona fide intent. *See Lincoln Nat'l. Corp. v. Anderson*, 110 USPQ2d 1271, 1277 (TTAB 2014) (an applicant's "idealistic hopes" to build a business around a mark at some indefinite time in the future do not suffice to show bona fide intent to use). Without more, this speculative and purely contingent plan, dependent on a future event that might or might not occur in the future, is not sufficient to demonstrate a bona fide intent to use the mark on or in connection with the identified goods as of February 26, 2016. *M.Z. Berger*, 114 USPQ2d at 1898 ("whether an applicant had a 'bona fide intent' to use the mark in commerce at the time of the application requires objective evidence of intent"); *Lane,* 33 USPQ2d at 1355. Moreover, while we do not reject the possibility that, depending on the circumstances, legal proceedings may provide an excuse for nonuse, Applicant has not cited any legal

challenge that was pending when he filed the involved application that could provide a reason for the lack of evidence of his intent to use the mark at that time.

**Conclusion**

Having considered the arguments and evidence on summary judgment, and having drawn all justifiable inferences in favor of Applicant as the non-movant, we find that Opposer has established the absence of genuine disputes of material fact that Applicant lacked the requisite intent to use his mark when he filed the involved application; that Applicant has not rebutted this prima facie case with any evidence that bears upon his intent to use; and that Opposer is entitled to judgment as a matter of law. On this record, Opposer has met its burden on summary judgment, and Applicant failed to counter that showing.

Accordingly, Opposer's motion for summary judgment is **granted**. Judgment is entered against Applicant, the opposition is sustained, and registration of Applicant's mark MIRACLE ON 35th STREET in application Serial No. 86921486 is refused.