THIS OPINION IS A
PRECEDENT OF THE TTAB

UNITED STATES PATENT AND TRADEMARK OFFICE
Trademark Trial and Appeal Board
P.O. Box 1451
Alexandria, VA 22313-1451

Butler/Gilbert

Mailed:  February 22, 2007

Opposition No. 91168402

Drive Trademark Holdings LP
substituted for Drive
Financial Services, LP[1]

v.

Inofin and Mark Walsh[2]

Before Seeherman, Bucher and Cataldo, Administrative Trademark
Judges.

By the Board:

Mark Walsh, as assignee of Inofin, ("applicant") seeks to
register the mark DRIVEUSA for "financing services namely; auto
loans, vehicle loans, assisting borrower in applying for loans,
preparing and originating auto loan forms", in Class 36, and for

---

[1] Drive Trademark Holdings LP is hereby substituted for Drive Financial
Services, LP in view of the assignment of the pleaded registrations to
Drive Trademark Holdings LP.  The assignment was recorded on June 7,
2005 at Reel/Frame 3098/0027, prior to the filing date of the notice
of opposition.  See TBMP §512.01 (2d ed. rev. 2004).  The caption of
this proceeding is, accordingly, amended to reflect the substitution.

[2] Applicant's motion, filed February 26, 2006, to join Mark Walsh as a
defendant to this proceeding is granted in view of the assignment of
Serial No. 78445657, the subject application.  The assignment was
recorded on February 22, 2006 (a date subsequent to the commencement
of this proceeding) at Reel/Frame 3252/0001.  See TBMP §512.01 (2d ed.
rev. 2004).  The caption of this proceeding is, accordingly, amended
to reflect the joinder.

various other automobile related services in Classes 35, 37 and 39.[3]

Drive Trademark Holdings LP ("opposer") brought this opposition solely with respect to Class 36 of the application alleging, in its notice of opposition, priority of use and likelihood of confusion with its previously used and registered marks D DRIVE and design for "financial services, namely, purchasing loans from automobile dealerships"[4]; D DRIVE FINANCIAL SERVICES and design for "financial services, namely, purchasing loans from automobile dealerships"[5]; and D and design for "financial services, namely, purchasing automobile loans from automobile dealerships."[6]  Opposer also alleges that its marks "have become famous identifiers of opposer and its products and services" by virtue of opposer's "substantial, continuous and exclusive use" of its marks for six years.

Applicant, in his answer, has admitted that opposer is the owner of record of the referenced registrations and has denied the remaining essential allegations of the notice of opposition.

Discovery closed on July 23, 2006.  This case now comes up for consideration of (1) applicant's motion, filed February 26, 2006, to amend his recitation of services; (2) applicant's

---

[3] Application Serial No. 78445657, filed July 2, 2004 and reciting July 27, 2004 as the date of first use anywhere and the date of first use of the mark in commerce.

[4] Registration No. 2503943, issued on November 6, 2001.

[5] Registration No. 2514867, issued on December 4, 2001.

[6] Registration No. 2503946, issued on November 6, 2001.

2

motion, filed February 26, 2006, to divide the Class 36 services from the remaining services in the application; (3) opposer's motion, filed March 22, 2006, to amend its notice of opposition to oppose applicant's application in Classes 35, 37 and 39; (4) applicant's motion, filed September 20, 2006, for summary judgment in his favor on the ground that there is no likelihood of confusion between the parties' respective marks; and (5) opposer's cross-motion, filed September 21, 2006, for summary judgment in its favor on the ground of likelihood of confusion.

We first address the parties' proposed amendments.

### Applicant's Motion to Amend the Identification

Applicant seeks to amend his recitation of services in Class 36 from "financing services namely; auto loans, vehicle loans, assisting borrower in applying for loans, preparing and originating auto loan forms" to "financing services namely, assisting borrower in applying for loans namely, assisting the automobile consumer with preparing auto loan forms." In support of his motion, applicant argues that this amendment should be allowed because the amended recitation of services is more limited than the original recitation of services.

In response, opposer argues that it does not consent to the proposed amendment; that the proposed amendment is one in substance; that opposer has a right to a determination of the issues based on the recitation of services as published; that applicant has not consented to entry of a judgment on the question of likelihood of confusion between opposer's mark and

3

applicant's mark with regard to the broader recitation of services; and that the amendment is requested solely to defeat the opposition. Opposer contends that applicant has not attempted to make a prima facie showing that the proposed amendment changes the nature and character of applicant's services or restricts their channels of trade and purchasers such that a substantially different issue is presented for determination in this proceeding. Opposer argues that, should applicant attempt to make such a showing, applicant would not be successful because likelihood of confusion exists between the parties' marks even if the amendment is allowed.

An application involved in an opposition proceeding may not be amended in substance except with the consent of the other party and the approval of the Board, or except upon motion. Trademark Rule 2.133(a).[7]

While the Board will generally defer determination of a timely filed (i.e., pre-trial) unconsented motion to amend in substance until final decision, or until the case is decided upon summary judgment, in practice, an acceptable amendment to the identification of goods or recitation of services often may be permitted, even where an opposer objects, if the proposed amendment serves to limit the identification of goods or recitation of services and if the applicant consents to the entry of judgment on the question of likelihood of confusion between

---

[7] Certain express exceptions, not present here, exist with respect to Trademark Act §66 applications (Madrid Protocol).

opposer's and applicant's marks with respect to the broader identification of goods or recitation of services. *See Giant Food, Inc. v. Standard Terry Mills, Inc.*, 229 USPQ 955, 963 (TTAB 1986); *International Harvester Company v. International Telephone and Telegraph Corporation,* 208 USPQ 940, 941 (TTAB 1980); and TBMP §514.03 (2d ed. rev. 2004). If the applicant wishes to avoid the possibility of a res judicata effect of the entry of judgment, an applicant seeking to amend its identification of goods or recitation of services must set forth adequate reasons for the amendment. *See Giant Food, Inc. v. Standard Terry Mills, Inc., supra*; and *International Harvester Company v. International Telephone and Telegraph Corporation, supra.* That is, an applicant must make a prima facie showing that the proposed amendment serves to change the nature and character of the goods and services or to restrict their channels of trade and customers in such a manner that a substantially different issue for trial has been introduced from the issue presented by the opposition against the application based on the original identification of goods and services. *Id.* Further, where required to support the basis of the application, any specimens of record must support the goods or services remaining after the amendment is entered, and the applicant must introduce evidence during its testimony period to prove use of its mark on those remaining goods or services prior to the relevant date as determined by the basis of the application. In the case of a use-based application, as here, the relevant date is the filing date of such application.

5

*Id. See also* Trademark Act §1(a). Finally, an unconsented motion to amend an application ordinarily should be made prior to trial, in order to give the other party or parties fair notice thereof. *See International Harvester Company v. International Telephone and Telegraph Corporation, supra.*

In this case, the proposed amendment is timely, having been brought prior to trial, and is limiting in nature as permitted by Trademark Rule 2.71(a). However, although applicant states in his motion that his originally filed specimens support the proposed amendment to the recitation of services, such is not the case. Applicant's specimens of use support only the deleted services, and not the remaining services of "financing services, namely, assisting borrower in applying for loans namely, assisting the automobile consumer with preparing auto loan forms." Moreover, applicant has not consented to entry of judgment with respect to opposer's claim of likelihood of confusion between opposer's marks and applicant's mark as to the broader recitation of services.[8] Thus, the circumstances presented here do not allow the Board either to exercise its discretion to enter the amendment now or to defer determination of the proposed amendment until final decision.

---

[8] We also note that applicant has not made any showing that its proposed amendment changes the nature and character of the services or restricts their trade channels or customers in such a way as to present a substantially different issue. Thus, if a judgment is entered with respect to the proposed deleted services, and no such showing is made, the judgment could have a preclusive effect.

Accordingly, applicant's motion to amend the recitation of services in Class 36 is **denied**. *See also* J. Thomas McCarthy, 3 *McCarthy on Trademarks and Unfair Competition* §20:24 (4th ed. 2006); and TBMP §514.03 (2d ed. rev. 2004).

We note that if applicant were to file a timely, renewed motion to amend his recitation, with supporting specimens, applicant would have to agree to accept judgment with respect to the services deleted, or the consideration of any renewed motion would be deferred until after trial. In that event, opposer will be on notice that it must prepare for trial as to both the recitation as it currently reads and the recitation as proposed in the renewed motion.

### Opposer's Motion to Amend Opposition/Applicant's Motion to Divide

By his motion to divide, applicant requests that, because opposer opposed only Class 36 of the application, the remaining Classes 35, 37 and 39 be divided from the application and be allowed to proceed to issue. In response, opposer argues that applicant's motion to divide should be denied in view of opposer's motion to amend its notice of opposition to include Classes 35, 37 and 39. Opposer argues that its proposed amendment is not prejudicial to applicant's rights because discovery has not yet been taken by either party; that its motion was timely filed in response to applicant's motion to divide, which gave opposer notice of the need to amend; and that such an amendment is in the interest of judicial economy because, if the

application is allowed to mature into a registration, opposer will be forced to file a separate petition to cancel that registration. In response, applicant argues that opposer should not be permitted to amend its notice of opposition to include the previously unopposed classes because the time period for filing an opposition, or an extension of time for filing an opposition, has closed, making opposer's motion untimely. Applicant also argues that opposer is "estopped by acquiescence" from amending the notice of opposition because it deliberately chose to oppose only one of the four classes in the published application.

After the close of the time period for filing an opposition, including any extension of time for filing an opposition, an opposition may not be amended to add to the goods or services opposed. Trademark Rule 2.107. In view thereof, opposer's motion to amend its pleading to oppose the application in Classes 35, 37 and 39 is hereby **denied** and the opposition will go forward as to Class 36 only.[9] Inasmuch as the opposition is limited to only Class 36, and because applicant agreed to pay the fee required for division of an application, applicant's motion to divide out Classes 35, 37 and 39 is hereby **granted.** TBMP §516

---

[9] We note that, where a party cannot commence an opposition proceeding, its remedy may lie with the filing of a petition to cancel after the subject application has registered. *See, for example,* TBMP §306.04 (2d ed. rev. 2004) ("Late Opposition").

(2d ed. rev. 2004). Notification will be sent to the ITU/Divisional Unit for processing of the divisional request.[10]

### Cross-motions for Summary Judgment

We now turn to the parties' cross-motions for summary judgment. Summary judgment is an appropriate method of disposing of cases in which there are no genuine issues of material fact in dispute, thus leaving the case to be resolved as a matter of law. *See* Fed. R. Civ. P. 56(c). A party moving for summary judgment has the burden of demonstrating the absence of any genuine issue of material fact, and that it is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548 (1986). Therefore, although here there are cross-motions for summary judgment, the moving party in each of the pending motions has the burden as to its own motion. Additionally, the evidence must be viewed in a light favorable to the non-movant in each party's pending motion, and all justifiable inferences are to be drawn in the non-movant's favor. *See Opryland USA, Inc. v. Great American Music Show, Inc.*, 970 F.2d 847, 23 USPQ2d 1471 (Fed. Cir. 1993).

The mere fact that cross-motions for summary judgment on an issue have been filed does not necessarily mean that there are no genuine issues of material fact, and that trial is unnecessary.

---

[10] After the application has been divided, the new application created by the division will be forwarded to issue in Classes 35, 37 and 39 and the original application, in Class 36, will remain the subject of this opposition proceeding before the Board. TBMP §516 (2d ed. rev. 2004).

*See University Book Store v. University of Wisconsin Board of Regents,* 33 USPQ2d 1385, 1389 (TTAB 1994); and TBMP §528.01 (2d ed. rev. 2004). *See also* Wright, Miller & Kane, 10A Fed. Prac. & Proc. Civ.3d §2720 (2006).

We first address some preliminary matters. To the extent it is applicant's position that opposer's pleaded registered marks are descriptive within the meaning of Trademark Act §2(e)(1), such arguments could only be considered if applicant had raised a timely counterclaim or separate petition to cancel the pleaded registrations. Trademark Rule 2.106(b)(2)(ii). *See also* TBMP §313.01 (2d ed. rev. 2004). However, to the extent applicant's position goes to the strength of opposer's marks in view of use of the term DRIVE by others, the Board will consider such argument and evidence submitted in support thereof on summary judgment.

Opposer, in its motion for summary judgment, references two additional registrations in support of its claim of likelihood of confusion. Opposer did not plead these registrations in its notice of opposition, and asserted them for the first time in its motion for summary judgment.[11] Applicant has objected to our consideration of these registrations on the basis that they were not pleaded in opposer's notice of opposition. This objection is

---

[11] Registration No. 3,081,262 for the mark DRIVE and Registration No. 3,081,414 for the mark DRIVE FINANCIAL SERVICES, both for "financial services, namely, originating loans, purchasing loans and servicing auto loans."

sustained. *See* Fed. R. Civ. P. 56(a) and 56(b;) and TBMP §528.07(a) (2d ed. rev. 2004). However, it is noted that these registrations had not issued at the time the notice of opposition was filed. Therefore, although they have not been considered in connection with opposer's current motion for summary judgment, as indicated below, opposer is granted leave to amend the notice of opposition to include them.

After reviewing the arguments and supporting papers of the parties,[12] we conclude that disposition of this matter by summary judgment is not appropriate because, at a minimum, there exist genuine issues of material fact as to the relatedness of the parties' services; the commercial impressions of the parties' marks; the fame and strength of opposer's pleaded marks; the customers for the services; and the channels of trade.[13] In connection with the issue of the strength of opposer's marks, we note that applicant has submitted printouts from the Trademark Electronic Search System (TESS) showing registrations of marks containing the term "DRIVE" in combination with other matter for

---

[12] The Board has not considered applicant's "estoppel" argument based upon opposer's settlement agreement with a third party. Estoppel is an affirmative defense which was not pled and, therefore, will not be considered. *See* TBMP §528.07 (2d ed. rev. 2004). However, in any event, opposer's settlement agreement with a third party is not relevant to the instant dispute. As discussed earlier, the Board has also not considered opposer's Registration Nos. 3,081,262 and 3,081,414, which were not properly pled.

[13] The fact that we have identified and discussed only a few genuine issues of material fact as sufficient bases for denying the motions for summary judgment should not be construed as a finding that these are necessarily the only issues which remain for trial.

services related to automobile financing and sales. Opposer contends that these printouts are not probative of the matter at hand. While it is true that these registrations do not prove third-party trademark use of the marks, the registrations are sufficient to raise a genuine issue of material fact to the extent of use by third parties of marks containing the term "DRIVE" in combination with other matter for similar services. *See Lloyd's Food Products, Inc. v. Eli's Inc.,* 987 F.2d 766, 25 USPQ2d 2027 (Fed. Cir. 1993).

Applicant's motion for summary judgment is denied and opposer's cross-motion for summary judgment is **denied**.[14]

**Scheduling**

As noted, *supra*, the unpleaded registrations asserted by opposer in its motion for summary judgment issued after the notice of opposition was filed. Opposer is allowed until **TWENTY DAYS** from the mailing date of this order to amend its notice of opposition to plead ownership of Registration Nos. 3081262 and 3081414, if it so desires; and applicant is allowed until **FORTY DAYS** from the mailing date of this order in which to file an answer if an amended notice of opposition is served.

---

[14] The parties should note that the evidence submitted in connection with their motions for summary judgment is of record only for consideration of those motions. To be considered at final hearing, any such evidence must be properly introduced in evidence during the appropriate trial periods. *See Levi Strauss & Co. v. R. Josephs Sportswear Inc.*, 28 USPQ2d 1464 (TTAB 1993); *Pet Inc. v. Bassetti,* 219 USPQ 911 (TTAB 1983); and *American Meat Institute v. Horace W. Longacre, Inc.*, 211 USPQ 712 (TTAB 1981).

Proceedings are otherwise suspended.  Upon resumption, appropriate dates will be set.

***