THIS ORDER IS A
PRECEDENT OF THE TTAB

UNITED STATES PATENT AND TRADEMARK OFFICE
Trademark Trial and Appeal Board
P.O. Box 1451
Alexandria, VA  22313-1451
General Contact Number: 571-272-8500
General Email: TTABInfo@uspto.gov

Kim

November 2, 2022

Cancellation No. 92074422

*Kimberley Kampers IP Pty Ltd*

*v.*

*Safiery Pty Ltd*

**Before Kuhlke, Coggins and Dunn,
Administrative Trademark Judges**

**By the Board:**

This matter comes up on Petitioner's motion for summary judgment filed on December 13, 2021. The motion is fully briefed.[1]

**Procedural History**

On June 8, 2020, Petitioner filed a petition[2] to cancel Registration No. 5584926[3] for the mark KIMBERLEY KAMPERS in standard characters for "campers; recreational vehicles, namely, campers" in International Class 12. As grounds for

---

[1]  14, 16 – 19 TTABVUE.

[2]  1 TTABVUE.

[3]  The underlying application was filed on March 2, 2018, under Section 1(a) of the Trademark Act, 15 U.S.C. § 1051(a). The mark registered on October 16, 2018, with a disclaimer of CAMPERS.

cancellation, Petitioner asserts claims of abandonment, fraud, and non-ownership.[4] On July 16, 2020, Respondent timely answered the petition for cancellation denying the salient allegations therein.[5]

Pursuant to the schedule as last reset, discovery closed on October 30, 2021, with Petitioner's pretrial disclosures due December 14, 2021.[6] On December 13, 2021, Petitioner moved for summary judgment on its claims of abandonment and non-ownership.

**Summary Judgment Standard**

A motion for summary judgment is a pretrial device intended to save the time and expense of a full trial when the moving party is able to demonstrate, prior to trial, that there is no genuine dispute of material fact, and that it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Opryland USA Inc. v. Great Am. Music Show Inc.*, 970 F.2d 847, 23 USPQ2d 1471 (Fed. Cir. 1992); and *Sweats Fashions Inc. v. Pannill Knitting Co.*, 833 F.2d 1560, 4 USPQ2d 1793 (Fed. Cir. 1987).

A factual dispute is genuine if, on the evidence of record, a reasonable fact finder could resolve the matter in favor of the nonmoving party. *See Olde Tyme Foods, Inc. v. Roundy's, Inc.*, 961 F.2d 200, 22 USPQ2d 1542, 1544 (Fed. Cir. 1992). The evidence must be viewed in a light most favorable to the nonmoving party, and all reasonable

---

[4]  1 TTABVUE 5-10.

[5]  5 TTABVUE.

[6]  13 TTABVUE 5.

inferences are to be drawn in the nonmovant's favor. *Lloyd's Food Prods., Inc. v. Eli's, Inc.*, 987 F.2d 766, 25 USPQ2d 2027, 2029 (Fed. Cir. 1993). The Board does not resolve disputes of material fact on summary judgment but rather only ascertains whether disputes of material fact exist. *See Univ. Book Store v. Univ. of Wis. Bd. of Regents*, 33 USPQ2d 1385, 1389 (TTAB 1994); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) ("[A]t the summary judgment stage the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."). If the moving party is able to meet its initial burden, the burden shifts to the nonmoving party to demonstrate the existence of specific genuinely disputed facts that must be resolved at trial. *See Enbridge, Inc. v. Excelerate Energy LP*, 92 USPQ2d 1537, 1540 (TTAB 2009).

**Entitlement to a Statutory Cause of Action**

Entitlement to a statutory cause of action under Section 13 or 14 of the Trademark Act must be established in every Board inter partes case. *See Corcamore, LLC v. SFM, LLC*, 978 F.3d 1298, 2020 USPQ2d 11277, at *5 (Fed. Cir. 2020), *cert. denied*, 141 S. Ct. 2671 (2021); *Austl. Therapeutic Supplies Pty. Ltd. v. Naked TM, LLC*, 965 F.3d 1370, 2020 USPQ2d 10837, at *3 (Fed. Cir. 2020) (citing *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 109 USPQ2d 2061, 2067 n.4 (2014)), *cert. denied*, 142 S. Ct. 82 (2021). To establish entitlement, a plaintiff must demonstrate (i) an interest falling within the zone of interests protected by the statute and (ii) a reasonable belief in damage proximately caused by the registration or continued registration of the mark. *See Corcamore*, 2020 USPQ2d 11277, at *4; *Spanishtown*

*Enters., Inc. v. Transcend Resources, Inc.*, 2020 USPQ2d 11388, at *1 (TTAB 2020). Since the purpose of this requirement is to avoid litigation where there is no real controversy between the parties, i.e., to weed out intermeddlers, *see Lipton Indus., Inc. v. Ralston Purina Co.*, 213 USPQ 185, 189 (CCPA 1982), a plaintiff need only demonstrate that it has a "real interest," i.e., a personal stake, in the outcome of the proceeding and a reasonable basis for its belief of damage. *Corcamore*, 2020 USPQ2d 11277, at *6-7 (in applying the *Lexmark* analytical framework, holding that the zone-of-interests test is met by demonstrating a real interest in opposing or cancelling a registration of a mark, and that the proximate causation test is met by demonstrating a reasonable belief of damage by the mark's registration). *See also Empresa Cubana Del Tabaco v. Gen. Cigar Co.*, 753 F.3d 1270, 111 USPQ2d 1058, 1062 (Fed. Cir. 2014). The bar in demonstrating entitlement to a statutory cause of action is not high. *See Estate of Biro v. Bic Corp.*, 18 USPQ2d 1382, 1385 (TTAB 1991) ("[T]here is a low threshold for a plaintiff to go from being a mere intermeddler to one with an interest in the proceeding.").

As part of its petition for cancellation, Petitioner pleaded ownership of Application Serial No. 88952753 for the mark KIMBERLEY KAMPERS in standard characters for "campers; recreational vehicles, namely, towable trailers; recreational vehicles, namely, campers" in International Class 12. Because Petitioner has made the pleaded application of record,[7] Petitioner has shown that there is no genuine dispute of material fact that its interest in cancelling a mark identical to its own is within the

---

[7]  14 TTABVUE 20-22.

4

zone of interests protected by the Trademark Act and that it has a reasonable belief that damage will be proximately caused by the registration of such mark. *See Toufigh v. Persona Parfum, Inc.*, 95 USPQ2d 1872, 1874 (TTAB 2010) (entitlement shown by petitioner's evidence that he filed an application to register an identical mark to the one he sought to cancel). Accordingly, we find for purposes of this motion for summary judgment that there is no genuine dispute of material fact as to Petitioner's entitlement to bring this cancellation action.[8] *See Lipton Indus.,* 213 USPQ at 189 ("We regard the desire for a registration with its attendant statutory advantages as a legitimate commercial interest.").

**Petitioner's Motion**

Petitioner seeks summary judgment on its claims of non-ownership and abandonment. In moving for summary judgment, Petitioner, relying on *Celotex*, contends that it can meet its initial burden "by showing 'that there is an absence of evidence to support the nonmoving party's case.'"[9] This is incorrect. *Celotex* concerns the burden of a movant seeking summary judgment on a claim for which the nonmovant has the burden of proof at trial or, in other words, where the defendant seeks summary judgment on a claim asserted by the plaintiff. *Celotex*, 477 U.S. at 319-20, 322-23. However, where, as here, "the *moving* party will bear the burden of persuasion at trial, that party must support its motion with credible evidence—using

---

[8] Petitioner must maintain its entitlement to a statutory cause of action throughout the proceeding. *Monster Energy Co. v. Tom & Martha LLC*, 2021 USPQ2d 1197, at *7 n.12 (TTAB 2021).

[9] 14 TTABVUE 6, quoting *Celotex,* 477 U.S. at 325.

any of the materials specified in [Fed. R. Civ. P.] 56(c)—that would entitle it to a directed verdict if not controverted at trial." *Id.* at 331 (Brennan, J., dissenting). *See also* 10A C. WRIGHT, A. MILLER & M. KANE, FEDERAL PRACTICE AND PROCEDURE Civil § 2727.1 (4th ed. 2022) ("[I]f the movant bears the burden of proof on a claim at trial, then its burden of production is greater. It must lay out the elements of its claim, citing the facts it believes satisfies those elements, and demonstrating why the record is so one-sided as to rule out the prospect of the nonmovant prevailing."). Petitioner has failed to bear the burden of production as to either of its claims and therefore has failed to discharge its initial burden on summary judgment, as discussed below.

### *Non-ownership*

By virtue of its registration, Respondent enjoys the presumption that it is the owner of the mark. Trademark Act Section 7(b), 15 U.S.C. § 1057(b). As such, Petitioner cannot meet its initial burden by simply showing that Respondent lacks the evidence to support its claim of ownership or by otherwise putting the onus on Respondent to prove its ownership. Although Petitioner states that it "is not the aim of Petitioner's Motion" to "establish[] … beyond dispute that Petitioner is the rightful owner of the rights to KIMBERLEY KAMPERS in the U.S.,"[10] to the extent Petitioner has submitted evidence to support its own claim of ownership to the exclusion of Respondent, we find the submissions inconclusive and insufficient to demonstrate the

---

[10] 19 TTABVUE 4.

absence of a genuine dispute on the issue. We accordingly **DENY** Petitioner's motion for summary judgment on its claim of non-ownership.[11]

### *Abandonment*

Under Section 45 of the Trademark Act, 15 U.S.C. § 1127, a mark is deemed abandoned "[w]hen its use has been discontinued with intent not to resume such use." Such intent "may be inferred from circumstances" and "[n]onuse for 3 consecutive years shall be prima facie evidence of abandonment." *Id*. In the petition, Petitioner alleges that "[u]pon information and belief, Respondent has never used, directly or through a licensee or dealer, … KIMBERLEY KAMPERS … for the goods identified in the registration."[12] It is Petitioner's contention on summary judgment that Respondent's responses to Petitioner's interrogatories "demonstrate a period of at least three years of nonuse of the KIMBERLY KAMPERS mark by Respondent in the U.S."[13] In view of the March 2, 2018, filing date of the application underlying Respondent's registration, Petitioner's contention is not well taken.

Respondent is entitled to rely on the filing date of the underlying Section 1(a) application from which the subject registration matured to claim use of its mark pursuant to the presumption of validity afforded under Section 7(b). Therefore, "the

---

[11] Pursuant to Fed. R. Civ. P. 56(f), for the Board to grant summary judgment for the nonmovant, the Board must give notice and a reasonable time to respond. To the extent Respondent asserts in its opposition to summary judgment that the undisputed facts support summary judgment in its favor on the issue of ownership (16 TTABVUE 3), we do not find, and Respondent does not specifically identify, such undisputed facts in the record to warrant our giving notice and allowing separate briefing on the matter.

[12] 1 TTABVUE 10 ¶ 48.

[13] 14 TTABVUE 14.

critical period for [P]etitioner to make a prima facie showing of abandonment [is] the three-year period commencing" on the application filing date, i.e., March 2, 2018. *ShutEmDown Sports, Inc. v. Lacy*, 102 USPQ2d 1036, 1042 (TTAB 2012). Accordingly, the three-year period beginning March 2, 2018, was not complete until March 2, 2021.

Petitioner's assertions of nonuse for the statutory period are based on Respondent's interrogatory responses asserting that Respondent has not begun use of the mark. However, since the responses were verified on January 12, 2021,[14] they are incompetent to establish a three-year period of nonuse commencing from the filing date of the underlying application. *See id.* (period of nonuse calculated from filing date of use-based application to date of interrogatory responses). Petitioner has, therefore, failed to meet its initial burden of production as to its abandonment claim. We accordingly **DENY** Petitioner's motion for summary judgment on its claim of abandonment.[15]

---

[14] *Id.* at 49.

[15] Respondent's filing of February 4, 2022 (20 TTABVUE), is noted. To the extent the submission constitutes a sur-reply by providing arguments in response to Petitioner's motion and reply in support thereof, it will be given no consideration. *See* Trademark Rule 2.127(e)(1), 37 C.F.R. § 2.127(e)(1); *Pioneer K.K. v. Hitachi High Techs. Am., Inc.*, 74 USPQ2d 1672, 1677 (TTAB 2005) (no consideration of sur-reply). To the extent the filing raises objections to evidence put forth by Petitioner in rebuttal, it would have been better practice to raise them separately in a motion to strike. However, in this instance and as discussed in this order, since Petitioner did not meet its initial burden of production as to either claim, there was no reason to consider either Respondent's evidence in opposition to the motion for summary judgment or Petitioner's evidence on rebuttal. Accordingly, Respondent's objections are moot and need not be considered.

**Leave to Brief Issue of Nonuse**

Notwithstanding our determination that Petitioner has failed to demonstrate the absence of a genuine dispute of material fact as to its abandonment claim, we find that the parties' briefs and submissions raise a question of Respondent's nonuse of its mark at the time of filing the underlying application that would render the registration void *ab initio*.

Since a mark may not be registered under Section 1(a) of the Trademark Act unless it is in "use in commerce," an applicant "may not claim a Section 1(a) filing basis unless the mark was in use in commerce on or in connection with *all* the goods or services covered by the Section 1(a) basis as of the application filing date." *Hachette Filipacchi Presse v. Elle Belle LLC*, 85 USPQ2d 1090, 1093 (TTAB 2007) (emphasis in original). An allegation that a mark has never been used in commerce necessarily includes an allegation that the mark was not in use on the filing date of the application. C*f. NT-MDT LLC v. Kozodaeva*, 2021 USPQ2d 433, at *16 (TTAB 2021) (stipulation that Respondent had never used the mark in interstate commerce in the U.S. "would appear to seal Petitioner's victory on the nonuse claim").

Such a claim of nonuse appears to be supported here by allegations in the petition that Respondent "has never used" the registered mark as well as certain of Respondent's responses to Petitioner's interrogatories. For instance, in response to Interrogatory No. 3 which seeks details of Respondent's use, Respondent asserts that it "is currently in the process of developing a product to be manufactured in China

and sold in the United States using the mark."[16] Similarly, in response to Interrogatory No. 13 which seeks details of Respondent's sales in the U.S. of goods bearing the mark, Respondent asserts that it "has not yet commenced sales of products, as it is in the process of developing a product that will meet legal requirements for sales in the you [sic] United States."[17]

It is not the practice of the Board to consider, on summary judgment, a claim that has not been pleaded. *See Asian & W. Classics B.V. v. Selkow*, 92 USPQ2d 1478, 1480 (TTAB 2009). However, while the void *ab initio* for nonuse claim was not separately pled by Petitioner, we find that the allegations within Petitioner's pleading of abandonment were sufficient to put Respondent on notice that Petitioner had alleged nonuse and that Respondent's use of its mark at the time the underlying application was filed was at issue. *See ShutEmDown Sports*, 102 USPQ2d at 1045 ("[T]he petition for cancellation clearly put respondent on notice that petitioner had alleged nonuse by respondent, in particular, 'on all recited goods at the time of the application.' … [S]eparate pleading of a nonuse claim, while preferable, is not, however, critical, and the Board has found applications to be void *ab initio* even when nonuse was not pleaded as a separate claim or issue.") (citations omitted). *Cf. Embarcadero Technologies, Inc. v. Delphix Corp.*, 117 USPQ2d 1518,1523 (TTAB 2016) (although claim of nonuse not separately pled, allegations in original petition for cancellation provided "sufficient notice to Respondent that its use at the time the statement of use

---

[16] 14 TTABVUE 37.

[17] *Id*. at 46.

was filed was at issue;" leave to amend petition granted). We therefore read the petition for cancellation as asserting a separate claim that the registration is void *ab initio* for nonuse.

Due to the present unusual situation in which Petitioner's summary judgment motion put into the record evidence sufficient to support a claim not raised in the motion but for which adequate notice was given in the petition, the parties are hereby given notice that the Board will consider summary judgment on the nonuse ground. The parties are accordingly directed to brief and submit evidence[18] on the issue in accordance with the following schedule:

| | |
|---|---|
| Plaintiff's Brief Due | **12/7/2022** |
| Defendant's Brief Due | **1/6/2023** |
| Plaintiff's Reply Brief Due | **1/26/2023** |

Fed. R. Civ. P. 56(f). Proceedings otherwise remain **SUSPENDED** pending briefing and disposition of the ground that the registration is void *ab initio* for nonuse.

* * *

---

[18] The parties are reminded that evidence submitted in support of or in opposition to a motion for summary judgment is of record only for consideration of that motion. Thus, any evidence that was submitted with the original motion for summary judgment that supports and is relevant to the issue of whether the involved registration is void *ab initio* for nonuse as of the application filing date must be resubmitted with the parties' respective briefs to be considered.