**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA 22313-1451**
General Contact Number: 571-272-8500
General Email: TTABInfo@uspto.gov

RSC

Original Decision Mailed: September 22, 2022
Redesignation Mailed: January 12, 2023

Opposition No. 91272326

*Fender Musical Instruments Corporation*

*v.*

*Win-D-Fender, LLC*

**By the Trademark Trial and Appeal Board:**

The Board has chosen to redesignate the decision issued on September 22, 2022 as a precedent. A copy of the decision, bearing such a designation, is attached.

THIS DECISION IS A
PRECEDENT OF THE
TTAB

RSC

UNITED STATES PATENT AND TRADEMARK OFFICE
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA 22313-1451**
General Contact Number: 571-272-8500
General Email: TTABInfo@uspto.gov

September 22, 2022

Opposition No. 91272326

*Fender Musical Instruments Corporation*

*v.*

*Win-D-Fender, LLC*

**Before Wolfson, Heasley, and Coggins,**
**Administrative Trademark Judges.**

**By the Board:**

On October 9, 2020, Applicant filed application Serial No. 90244604, based on use in commerce under Trademark Act Section 1(a), 15 U.S.C. § 1051(a), to register the mark EN-D-FENDER (in standard characters) for "musical instruments" in International Class 15.[1] Opposer filed a notice of opposition to registration of the mark on the grounds of nonuse, likelihood of confusion, and dilution by blurring, and pleaded ownership of the following registrations:[2]

---

[1] The application was filed via the Trademark Electronic Application System (TEAS).

[2] Notice of Opposition ¶ 8 (1 TTABVUE 6-7); *see also* ESTTA cover sheet at 1 TTABVUE 2-4. Record citations are to TTABVUE, the Board's publicly available docket history system. *See, e.g., New Era Cap Co., Inc. v. Pro Era, LLC*, 2020 USPQ2d 10596, *2 n.1 (TTAB 2020). The number preceding "TTABVUE" corresponds to the docket entry number; the number(s) following "TTABVUE" refer to the page number(s) of that particular docket entry, if applicable.

- Registration No. 0805075 for the mark FENDER (in standard characters) for a variety of "electric apparatus for use with guitars and for other purposes" and "components and accessories for such electrical apparatus" in International Class 9, and various "musical instruments" and "components and accessories for guitars and the like" in International Class 15;[3]

- Registration No. 0805510 for the mark FENDER (stylized) for a variety of "electric apparatus for use with guitars and for other purposes" and "components and accessories for such electrical apparatus" in International Class 9, and various "musical instruments" and "components and accessories for guitars and the like" in International Class 15;[4]

- Registration No. 1256824, for the mark FENDER (stylized) for "electric guitars and electric bass guitars" in International Class 15;[5] and

- Registration No. 4302401, for the mark FENDER (in standard characters) for "guitar cables" in International Class 9, and "capos; cases for musical instruments; guitar accessories, namely, guitar slides; guitar picks; guitar straps; guitar strings" in International Class 15.[6]

Applicant denied the salient allegations in the notice of opposition.[7]

This proceeding now comes before the Board for consideration of Opposer's motion, filed April 12, 2022, for partial summary judgment on the ground of nonuse,[8] and Applicant's motion, filed May 27, 2022, to amend the identification of goods in its application.[9]

---

[3] Issued on March 8, 1966; renewed.

[4] Issued on March 15, 1966; renewed.

[5] Issued on November 8, 1983; renewed.

[6] Issued on March 12, 2013; Section 8 affidavit accepted, Section 15 affidavit acknowledged.

[7] 4 TTABVUE.

[8] 5 TTABVUE.

[9] 9 TTABVUE. The Board deferred consideration of Applicant's motion to amend until final hearing. 10 TTABVUE. In view of our disposition herein of Opposer's motion for summary judgment, we now take up Applicant's motion to amend.

## I. Applicant's Motion to Amend Application

Applicant seeks to amend its identification of goods from "musical instruments" to "musical instrument accessories, namely, an ambient wind foot joint guard for flute family instruments."[10] Because Applicant's proposed amendment to the identification of goods is not within the scope of the original identification, it is not accepted. An application that is the subject of a Board inter partes proceeding may not be amended except with the consent of the other party or parties and the approval of the Board, or upon motion granted by the Board. Trademark Rule 2.133(a), 37 C.F.R. § 2.133(a). A proposed amendment to any application or registration that is the subject of an inter partes proceeding must comply with all applicable rules and statutory provisions, including Trademark Rules 2.71-2.75. *See* TRADEMARK TRIAL AND APPEAL BOARD MANUAL OF PROCEDURE ("TBMP") §§ 514.01 and 605.03(b) (2022).

In a TEAS application, including the TEAS Plus application submitted by Applicant,[11] "only the goods and/or services listed in the proper field (i.e., 'Identification' field) will be considered part of the identification." TRADEMARK MANUAL OF EXAMINING PROCEDURE ("TMEP") § 1402.01(d) (July 2022). It is important that the wording in the "Identification" field in the original application is accurate because the identification cannot later be broadened. *See* TMEP § 1402.01 (citing, inter alia, Trademark Rule 2.71(a), 37 C.F.R. § 2.71(a)). In particular, while

---

[10] 9 TTABVUE 2.

[11] The TEAS Plus filing option provides the lowest filing fee per class for an applicant who can meet all of the application requirements in Trademark Rule 2.22(a) at the time of filing. *See* TMEP § 819. In exchange for the lower fee, it requires applicants to adopt several efficiencies including selection of an identification of goods from the Trademark ID Manual.

an applicant may later amend to clarify or limit its identification of goods, adding to or broadening the scope of the identification is not permitted. *See* Trademark Rule 2.71(a); TMEP §§1402.06 *et seq.*, 1402.07.

Here, the only goods identified in the "Identification" field of Applicant's application were "musical instruments." Applicant argues that its application was "qualified" by the submission of a miscellaneous statement "that clearly delineates exactly what the Proposed Amendment seeks to further clarify;" that the failure to place this information in the correct location was a "scrivener's error;" and that requiring Applicant to refile its application will only lead to a waste of time and resources for the parties and the Board.[12] While Applicant did include a "Miscellaneous Statement" in its TEAS-filed application that reads: "For Musical Instrument Accessories namely a wind guard mounted to a flute," this description was not in the proper field and therefore is not considered to be part of Applicant's identified goods. Indeed, during the application process, a hyperlink appears in the TEAS Plus application form explaining that the optional "Miscellaneous Statement" field "should only be used to enter information for which no other section of the form is appropriate."[13] The "Identification" section of the application form is the appropriate place for entering the description of the goods to be covered by the application. Thus, Applicant's argument that "For Musical Instrument Accessories

---

[12] 12 TTABVUE 5.

[13] www.uspto.gov/page/teas-help#MiscellaneousStatement.

namely a wind guard mounted to a flute" is already part of the identification of its applied-for goods is incorrect.[14]

The TEAS Plus filing instructions warn the user "not [to] use TEAS Plus if . . . [t]he ID Manual doesn't contain an accurate listing for your goods/services. Instead, you must create your own ID in your own words and use the TEAS Standard filing option."[15] Instead of using the TEAS Standard filing option, in which Applicant could have listed its musical instrument accessories in the "Identification" field, Applicant continued with the TEAS Plus form and selected "musical instruments" as the goods from the Trademark ID Manual.

Although Applicant's listing of "musical instruments" as the identification of goods may have been a mistake on Applicant's part, it is settled that once the extent of an identification has been established, it cannot be expanded later. *See In re Swen Sonic Corp.*, 21 USPQ2d 1794 (TTAB 1991); and *In re M.V Et Associes*, 21 USPQ2d 1628 (Comm'r Pats. 1991). Here, the wording "musical instruments" establishes the parameters of Applicant's identification of goods. Applicant therefore is limited in any amendment solely to narrowing or clarifying the nature and type of the applied-for "musical instruments" with greater particularity.

---

[14] We also note that the Examining Attorney stated in an Office Action that Applicant's goods were "musical instruments." March 10, 2021 Office Action at 2. In its response, Applicant maintained "musical instruments" as its identification of goods. March 10, 2021, Response to Office Action at 3, 5. Page references herein to the application record refer to the online database of the USPTO's Trademark Status & Document Retrieval ("TSDR") database. Coming after the TSDR designation are the page references to the application record in .pdf downloadable format.

[15] www.uspto.gov/trademarks/apply/form-teas-plus-application-trademark-or-service-mark.

Applicant also contends that its proposed amendment remains in International Class 15; that musical instrument accessories are a very specific subset of the broad category of musical instruments; "the accessories for a musical instrument are encompassed in the sales of musical instruments;" and that the specimen submitted in support of the application shows a musical instrument accessory – not a musical instrument.[16]

These arguments are not persuasive. In making our determination of whether the proposed amendment exceeds the scope of the original identification, we look to the ordinary meaning of the words of both the original and proposed identifications. *See* TMEP § 1402.07(a). When so considered, we find that instead of limiting musical instruments to specific instruments or general types of instruments, Applicant's proposed amendment improperly expands the scope of the goods by adding accessories for musical instruments. While musical instruments may use accessories or commonly be purchased with accessories, accessories are not themselves musical instruments, and therefore are not encompassed by the original identification of "musical instruments."[17] *See e.g., In re Jimmy Moore LLC*, 119 USPQ2d 1764 (TTAB 2016) (finding that pitch training and the educational seminars

---

[16] 12 TTABVUE 7.

[17] The issue is not whether Applicant's proposed amendment covers goods that are properly classified in International Class 15, but whether the goods are encompassed by the original identification. *See* 37 C.F.R. § 2.71(a). Additionally, the reference to goods in the specimen does not satisfy the requirement for an identification of goods, rather the identification must appear in the proper field of a TEAS application. *See* TMEP § 1402.02.

for baseball and pitching exceed the scope of the original identification of "entertainment in the nature of baseball games").

In view thereof, Applicant's motion to amend its identification of goods is **denied**.

## II.   Opposer's Motion for Partial Summary Judgment

We now address Opposer's motion for partial summary judgment on the ground of nonuse. Summary judgment is an appropriate method of disposing of cases in which there is no genuine dispute with respect to any material fact, thus allowing the case to be resolved as a matter of law. *See* Fed. R. Civ. P. 56(a). A party moving for summary judgment has the burden of demonstrating the absence of any genuine dispute as to a material fact, and that it is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Sweats Fashions, Inc. v. Pannill Knitting Co. Inc.*, 833 F.2d 1560, 4 USPQ2d 1793, 1796 (Fed. Cir. 1987). A factual dispute is genuine if, on the evidence of record, a reasonable fact finder could resolve the matter in favor of the non-moving party. *See Opryland USA Inc. v. Great Am. Music Show Inc.,* 970 F.2d 847, 23 USPQ2d 1471, 1472 (Fed. Cir. 1992); *Olde Tyme Foods, Inc. v. Roundy's, Inc.*, 961 F.2d 200, 22 USPQ2d 1542, 1544 (Fed. Cir. 1992).

Additionally, the evidence of record must be viewed in the light most favorable to the non-moving party, and all justifiable inferences must be drawn from the undisputed facts in favor of the non-moving party. *See Lloyd's Food Prods. Inc. v. Eli's Inc.*, 987 F.2d 766, 25 USPQ2d 2027, 2029 (Fed. Cir. 1993); *Opryland USA,* 23 USPQ2d at 1472. We may not resolve disputes as to material facts and, based thereon, decide the merits of the proceeding. Rather, we may only ascertain whether

any material fact is genuinely disputed. *See Lloyd's Food Prods.*, 25 USPQ2d at 2029; *Olde Tyme Foods*, 22 USPQ2d at 1542; *Meyers v. Brooks Shoe Inc.*, 912 F.2d 1459, 16 USPQ2d 1055, 1056 (Fed. Cir. 1990) ("If there is a real dispute about a material fact or factual inference, summary judgment is inappropriate; the factual dispute should be reserved for trial.").

## A. Entitlement to a Statutory Cause of Action

A party in the position of plaintiff may oppose registration of a mark where the opposition is within the zone of interests protected by the statute and the party has a reasonable belief in damage proximately caused by registration of the mark. *See Peterson v. Awshucks SC, LLC*, 2020 USPQ2d 11526, at *5 (TTAB 2020) (citing *Corcamore, LLC v. SFM, LLC*, 978 F.3d 1298, 2020 USPQ2d 11277, at *6-7 (Fed. Cir. 2020), *cert. denied*, 141 S. Ct. 2671 (2021)).

With its notice of opposition, Opposer submitted copies of its pleaded registrations obtained from the USPTO's TSDR database, showing their current title and status.[18] Accordingly, Opposer's pleaded registrations are received in evidence and made part of the record. Trademark Rule 2.122(d), 37 C.F.R. § 2.122(d). These registrations establish Opposer's entitlement to maintain this proceeding to oppose registration of Applicant's mark. *See Cunningham v. Laser Golf Corp.*, 222 F.3d 943, 55 USPQ2d 1842, 1844 (Fed. Cir. 2000); *Primrose Ret. Cmtys., LLC v. Edward Rose Senior Living, LLC,* 122 USPQ2d 1030, 1032 (TTAB 2016). Thus, there is no genuine dispute as to Opposer's entitlement to a statutory cause of action.

---

[18] 1 TTABVUE 14-25.

## B. Nonuse

An application based on use of the mark in commerce under Section 1(a), as in this case, is void ab initio if the mark was not in use in commerce in connection with the goods identified in the application at the time the application was filed. *See* 15 U.S.C. § 1051(a); Trademark Rule 2.34(a)(1)(i), 37 C.F.R. § 2.34(a)(1)(i). *See also, e.g., Aycock Eng'g, Inc. v. Airflite, Inc.*, 560 F.3d 1350, 90 USPQ2d 1301, 1305 (Fed. Cir. 2009) ("The registration of a mark that does not meet the use requirement is void ab initio.").

To prevail on its claim of nonuse of the mark in commerce as of the filing date of the application, Opposer must establish that there is no genuine dispute as to any material fact regarding whether Applicant was using the applied-for mark in commerce with the identified goods when it filed the application on October 9, 2020. *See United Glob. Media Grp., Inc. v. Tseng*, 112 USPQ2d 1039, 1044-45 (TTAB 2014).

Opposer points to Applicant's answer to interrogatories to support its argument that there is no genuine dispute of material fact that Applicant was not using its mark on "musical instruments" when it filed its application, and therefore the application is void ab initio. Opposer highlights Applicant's response to Interrogatory No. 20:

> If You contend that any product sold under the Challenged Mark is a "musical instrument," describe in detail the basis for this contention.
>
> **Response:** \*\*\*[after objections] Applicant states the products sold under the "En-D-Fender" mark are not musical instruments, as such products are accessories for a flute.[19]

---

[19] 5 TTABVUE 38.

In its brief in opposition to the motion for summary judgment, Applicant does not address its interrogatory response. Rather, Applicant argues that its proposed amendment to the identification of goods should be accepted; states it "did not claim that it sold musical instruments in its application, nor is it doing so now;" and contends that its identification of goods in the application "was qualified" by the inclusion of its "miscellaneous statement."[20]

As explained above, the statement of goods or services in the "Identification" field of the TEAS application, here "musical instruments," is controlling – not Applicant's intended identification or its miscellaneous statement. Because Applicant's proposed amendment to the identification is denied above, the only issue presently before us at summary judgment is whether there is a genuine dispute of material fact as to whether Applicant used its mark for "musical instruments" at the time the application was filed.

Having considered the arguments and evidence on summary judgment, and having drawn all justifiable inferences in favor of Applicant as the non-movant, we find that Opposer has established the absence of a genuine dispute of material fact that Applicant did not use its EN-D-FENDER mark for "musical instruments" when the application was filed; that Applicant has not rebutted this prima facie case with any evidence that bears upon its use of the mark for the identified goods; and that Opposer is entitled to judgment as a matter of law. On this record, Opposer has met

---

[20] 12 TTABVUE.

its burden to show that there are no genuine disputes of material fact at issue, and that it is entitled to judgment as a matter of law.

### III. Decision

Opposer's motion for partial summary judgment is **granted**. Judgment is entered against Applicant on the ground of nonuse, the opposition is sustained on that ground, and registration of Applicant's mark EN-D-FENDER in application Serial No. 90244604 is refused.[21]

---

[21] In view thereof, we need not reach the remaining grounds in the notice of opposition. *Yazhong Investing Ltd. v. Multi-Media Tech. Ventures, Ltd.*, 126 USPQ2d 1526, 1540 n.52 (TTAB 2018).